KAREN L. LOEFFLER
United States Attorney

KEVIN FELDIS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kevin.feldis@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:12-cr- |
| | ) | |
| Plaintiff, | ) | **PLEA AGREEMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| COPPER RIVER CAMPUS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| ──────────────────────── | ) | |

**Unless the parties jointly inform the Court in writing
of any additional agreements, this document in its
entirety contains the terms of the plea agreement
between the defendant and the United States. This
agreement is limited to the District of Alaska; it does
not bind other federal, state, or local prosecuting
authorities.**

# I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

## A. Terms of Agreement

The defendant, Copper River Campus, LLC ("CRC"), agrees to plead guilty to the one count Information filed in this case charging it with Negligent Endangerment Resulting from the Release of a Hazardous Air Pollutant into the Ambient Air, in violation of the Clean Air Act, 42 U.S.C. § 7413(c)(4). The United States agrees not to prosecute the defendant further for any other offense related to the event that resulted in the charge contained in the Information, as set forth in Section V below. The parties agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the defendant should be sentenced to pay a fine of $70,000 and to serve a three (3) year term of probation with a special condition that it designate and train an environmental compliance officer to prevent future violations of environmental laws. The parties are free to make any other sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to

Case 3:12-cr-00093-RRB   Document 2   Filed 11/27/12   Page 2 of 25

collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

## B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(C) will control this plea agreement. Thus, the defendant may only withdraw from this agreement or the guilty plea if the Court rejects the plea agreement. The United States may likewise withdraw from the plea agreement if the defendant breaches the agreement or if the Court rejects the agreement.

## C. Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

## D. Business Organization

The Defendant agrees and understands that this agreement is intended to bind Copper River Campus, LLC and that if the defendant changes names, reorganizes, merges, or otherwise ceases operations in its current form, the person or entity acquiring the assets or taking over the operation of the CRC business shall take over the obligations of this agreement. The Defendant further agrees to provide the United States Attorney's Office for the District of Alaska and the

U.S. v. Copper River Campus, LLC.
3:12-cr-
Page 3 of 25

United States Probation Office for the District of Alaska with immediate notice of any name change, business reorganization, change of control, or similar action that significantly impacts the operation of its business.

No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter the defendant's responsibilities under this agreement. The defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement. This agreement, together with all of the obligations and terms hereof, shall inure to the benefit and shall bind assignees, subsidiaries, successors-in-interest, or transferees of the defendant.

### E.    Authorizations to Plead Guilty

The Defendant agrees that this plea agreement will be executed and signed by a person authorized by law and by Copper River Campus LLC to enter into this agreement and to plead guilty on behalf of the defendant. The Defendant further agrees that it will provide the U.S. Attorney's Office and the Court an original written resolution signed by all of the LLC members certifying that the defendant is authorized to plead guilty to the Information in this case, and to enter into and comply with all provisions of this agreement. The resolution shall further certify

U.S. v. Copper River Campus, LLC.
3:12-cr-                                         Page 4 of  25

that an identified individual is authorized to sign this agreement and to take these actions and that all LLC and corporate formalities, including but not limited to, approval by defendant's directors, required for such authorization have been observed.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

1. The defendant agrees to plead guilty to Count 1 of the Information charging it with Negligent Endangerment Resulting from the Release of a Hazardous Air Pollutant into the Ambient Air, in violation of the Clean Air Act, 42 U.S.C. § 7413(c)(4).

### B. Elements

The elements of the charges to which the defendant is pleading guilty are as follows:

1. The defendant negligently released a hazardous air pollutant;

2. The release was into the ambient air;

3. The release negligently placed another person in imminent danger of death or serious bodily injury;

Asbestos is a hazardous air pollutant as listed in 42 U.S.C. § 7412(b)

Case 3:12-cr-00093-RRB   Document 2   Filed 11/27/12   Page 5 of 25

## C.     Factual Basis

The defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

The Defendant, Copper River Campus, LLC ("CRC"), owns and manages the property and buildings occupied and used by Copper River Seafoods, Inc. ("CRS"), located at 1118 East 5th Avenue, Anchorage, Alaska.  CRC is a registered limited liability company in the State of Alaska and was formed in 2009 by the owners and managers of CRS for the purpose of identifying, purchasing, developing and managing a site for CRS's corporate headquarters.  CRS operates seafood processing facilities, as well as wholesale and retail sale locations throughout Alaska.

By the early fall of 2009, Defendant CRC, acting through its owners and officers, had identified a property for sale located at 1118 East 5th Avenue, Anchorage, Alaska, that it was interested in purchasing.  The property had two buildings, a covered storage area and a parking lot.  CRC intended to renovate the main newer building, and demolish the older building.  Joe Egemo, the Chief

U.S. v. Copper River Campus, LLC.
3:12-cr-                           Page 6 of  25

Operating Officer of CRS and an owner of CRC, was the person who had identified this property and who was in charge of the real estate purchase.

The seller listed the 1118 East 5th Avenue property for sale for $1,975,000. On or about September 23, 2009, CRC offered to purchase the property for $1,500,000 on the condition that the seller demolish and remove the older building located on lot 5A of the property. Joe Egemo signed this written offer to purchase.

On or about September 28, 2009, Mr. Egemo inspected the 1118 East 5th Avenue property and buildings along with the seller and their respective real estate agents. Also present for the inspection was a project manager from Alaska Demolition, a company specializing in demolition and construction services. During the inspection, the Alaska Demolition project manager took a number of samples from the floors, walls and ceilings from both buildings, and verbally commented to the group about seeing materials that had the potential to contain asbestos, and further commented that special handling and disposal procedures would be required to remove such materials if they contained asbestos.

The samples were sent to White Environmental Consultants Inc. for laboratory analysis. On September 29, 2009, White Environmental analyzed the samples taken from the 1118 East 5th Avenue property and issued a report finding that ceilings in the older building as well as the floor in the newer building

U.S. v. Copper River Campus, LLC.
3:12-cr-                                    Page 7 of 25

contained hazardous materials, specifically chrysotile asbestos in levels regulated under the Clean Air Act.

On September 30, 2009, relying on the lab analysis finding regulated asbestos containing materials in the older building that CRC wanted removed, Alaska Demolition provided a bid to demolish the building at a cost of $56,000.00. This bid explicitly included the cost of the required abatement and removal of the regulated asbestos containing materials in compliance with all Federal, State and Local regulations. Joe Egemo and the seller both received a copy the Alaska Demolition bid for demolition along with the White Environmental lab analysis.

On or about September 30, 2009, now aware of the cost of removing demolition and asbestos abatement, the seller made a counter-offer to Joe Egemo and CRC for the sale of the 1118 East 5th Avenue property. The seller offered to sell the property "As Is," in its current condition, and with any and all demolition or improvements to be the responsibility of the buyer after the closing, for a purchase price of $1,635,000.

On or about October 2, 2009, CRC accepted the seller's counter offer and agreed to purchase the property "As Is" with CRC responsible for any demolition and improvements. Joe Egemo signed the purchase agreement on behalf of CRC.

U.S. v. Copper River Campus, LLC.
3:12-cr-

In December of 2009, CRC completed the purchase of the 1118 East 5th Avenue property.

After purchasing the property, and with knowledge of the existence of asbestos containing materials in the two buildings, CRC instructed a CRS employee to demolish the older building on the property, and other employees to begin renovation work on the newer building, including removing the first level flooring. The employee was given the instructions to proceed with the demolition by managers that did not know about the asbestos problem in the building. The employee who proceeded with the demolition likewise did not know about the existence of asbestos in the building.

On March 16, 2010, upon direction of CRC, this employee of CRS used a backhoe to begin demolishing the older building (located on lot 5A of the 1118 East 5th Avenue property) without taking any steps to wet down or otherwise safely remove the asbestos containing materials in the building. The backhoe operator did not have any special environmental training, and was not wearing any personal protective equipment. That same day, the Environmental Protection Agency received a call alerting it to CRC's activities and sent an air inspector to the property. The demolition work was halted, and the pile of debris from the partially torn-down building was watered down. Prior to the starting, CRC never

U.S. v. Copper River Campus, LLC.
3:12-cr-

notified the EPA about the demolition and renovation work being conducted, or about the existence of regulated asbestos containing materials in the two buildings on the property.

The next day, EPA inspectors returned to the CRC property and observed CRS employees, acting under CRC's direction, using electric grinders to grind off the flooring in the newer building (located on lot 3A of the 1118 East 5th Avenue property), including grinding of the asbestos floor mastic. These employees did not have any specialized training and were not wearing personal protective equipment. The floor grinding and renovation work on this building were halted thereafter.

The building demolition and floor grinding conducted by CRC negligently released a hazardous air pollutant into the ambient air both inside and outside of the two buildings, specifically friable chrysotile asbestos. As a result, CRC negligently placed its employees and others in imminent danger of serious bodily injury. While no specific individual has been identified who has suffered any harm from the release, the release of friable asbestos into the ambient air created the risk that people could have suffered serious illness due to asbestos inhalation.

Mr. Egemo is no longer a member of CRC and was in the process of separating from CRC during the EPA's investigation into this matter. After being

U.S. v. Copper River Campus, LLC.
3:12-cr-

contacted by EPA, the other members of CRC fully cooperated and hired specialists to complete the demolition and to conduct the proper abatement and disposal of the asbestos in the buildings at a cost of approximately $108,000.00. The current members of CRC who dealt with the EPA and who ultimately paid for the proper demolition and abatement did not have personal knowledge of the existence of the asbestos in the buildings until the EPA responded to the CRC property and halted the work being conducted.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 1: Negligent Endangerment Resulting from the Release of a Hazardous Air Pollutant into the Ambient Air, in violation of the Clean Air Act, 42 U.S.C. § 7413(c)(4)

        a)    a maximum of five years of probation

        b)    a maximum fine of $200,000;

        c)    a $100 mandatory special assessment;

U.S. v. Copper River Campus, LLC.
3:12-cr-

//

## 2. Other Matters Affecting Sentence

### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 2) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, Alaska 99513-7564.

## E. Forfeiture

There are no assets to be forfeited under this agreement.

## F. Restitution

The parties have no agreement regarding restitution.

## G. Fine

The defendant agrees to pay a $70,000 fine that it will pay in full at the time

U.S. v. Copper River Campus, LLC.
3:12-cr-

sentence is imposed. The defendant further agrees that the criminal fine paid pursuant to this agreement shall not be taken or used as a deduction or credit against, or otherwise used to reduce the amount of taxes, royalties, or any other payments to the United States. In addition, since all the fine payments agreed to herein are part of the resolution of a criminal investigation, the Defendant will not characterize, publicize or refer to these payments as voluntary donations or contributions.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G. Environmental Crimes are excluded from the fine calculation section applicable to organizations in Chapter 8 of the U.S.S.G. Accordingly, corporate fines are determined considering the factors listed in 18 U.S.C. Section 3572.

U.S. v. Copper River Campus, LLC.
3:12-cr-

## B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

### 1. Acceptance of Responsibility

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

## C. Sentencing Agreements

The parties agree, pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), that the defendant should be sentenced to pay a fine of $70,000 and to serve a three (3) year term of probation with a special condition that it designate and train an environmental compliance officer to prevent future violations of environmental laws. If CRC does not wish to hire or train one of its own employees to serve as

U.S. v. Copper River Campus, LLC.
3:12-cr-                                    Page 14 of 25

its environmental compliance officer, CRC may instead enter into a contract with a qualified environmental consultant to fulfill this role and to advise CRC on the proper compliance with environmental laws and regulations on an ongoing basis. Within thirty days of imposition of sentence, CRC shall provide the United States Attorney's Office and the United States Probation Office with written notification designating who will serve as its environmental compliance officer, and thereafter shall make the same notification within thirty days of any change in this designation.

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. The parties are free to make any recommendations to the Court on their respective positions on any sentencing issues provided those arguments are consistent with the terms of this agreement. Any sentencing arguments made by the parties in this case must be based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

//

//

Case 3:12-cr-00093-RRB   Document 2   Filed 11/27/12   Page 15 of 25

## IV.  WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL   ATTACK RIGHTS

### A.    Trial Rights

Being aware of the following, the defendant waives these trial rights:

-- The right to have the charges presented to the grand jury prior to entering the guilty plea;

-- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

-- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to

U.S. v. Copper River Campus, LLC.
3:12-cr-                              Page 16 of 25

have counsel continue to represent the defendant during the

sentencing phase of this case;

-- The right to confront and cross examine witnesses against the

defendant, and the right to subpoena witnesses to appear in the

defendant's behalf;

-- The right to remain silent at trial, with such silence not to be

used against the defendant, and the right to testify in the

defendant's own behalf; and

-- The right to contest the validity of any searches conducted on

the defendant's property or person.

**B.   Appellate Rights**

The defendant waives the right to appeal the conviction resulting from the

entry of the guilty plea to the charge set forth in this agreement.  The defendant

further agrees that if the Court imposes a sentence that does not exceed the

statutory maximum penalties – as set forth in Section II D above in this agreement,

the defendant waives without exception the right to appeal on all grounds

contained in 18 U.S.C. § 3742 the sentence the Court imposes – including the

terms or conditions of probation, and any fines or restitution.

Case 3:12-cr-00093-RRB   Document 2   Filed 11/27/12   Page 17 of 25

## C.     Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including the terms or conditions of probation and any fines or restitution – the Court imposes.  The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

## V.     ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense -- now known -- arising out of the subject of the investigation related to the charges brought in the Information in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence or conviction is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of

U.S. v. Copper River Campus, LLC.
3:12-cr-

the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VI.   ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on the count in the charging instrument.

## VII.  THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

On behalf of CRC, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at the entry of plea hearing to tell the truth, I do hereby state CRC's agreement to and understanding of this agreement as follows:

A.    CRC wishes to enter a plea of guilty to Count 1 of the Information filed in this case in which CRC is charged with Negligent Endangerment Resulting from the Release of a Hazardous Air Pollutant into the Ambient Air, in violation of the Clean Air Act, 42 U.S.C. § 7413(c)(4).

U.S. v. Copper River Campus, LLC.
3:12-cr-                                    Page 19 of 25

**B.** CRC's attorney has explained the charges to which CRC is pleading guilty and the necessary elements, and the consequences of the guilty plea.

**C.** CRC is admitting that the allegations against CRC in Count 1 of the Information and the factual basis for CRC's plea are true.

**D.** CRC understands that by pleading guilty CRC gives up and waives the following rights:

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to a speedy and public trial by a jury on the issue of guilt;

- The right to object to the composition of the petit jury;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until CRC's guilt is established beyond a reasonable doubt;

- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent CRC at trial. CRC understands it is not waiving the right to have counsel represent CRC during the sentencing phase of the case;

--    The right to confront and cross examine witnesses against

CRC, and the right to subpoena witnesses to appear on CRC's

behalf.

**E.**    CRC is fully aware that if CRC were convicted after a trial and

sentence were imposed on CRC thereafter, CRC would have the right to appeal

any aspect of the conviction and sentence.  Knowing this, CRC voluntarily waives

the right to appeal its conviction and sentence, as described above.  Furthermore,

CRC also knowingly and voluntarily agrees to waive the right under 18 U.S.C.

§ 3742 to appeal any aspect of the sentence imposed in this case, if the Court

imposes a sentence within the parameters of this agreement.   Furthermore, CRC

knowingly and voluntarily waives the right to collaterally attack any aspect of the

conviction, judgment  or sentence, except for a challenge based upon ineffective

assistance of counsel, based on information not now known by CRC and which, in

the exercise of due diligence, could not be known by CRC by the time the Court

imposes the sentence, which information affected either the guilty plea or the

sentence imposed by the Court.  CRC is fully satisfied with the representation

given by its attorneys.

//

U.S. v. Copper River Campus, LLC.
3:12-cr-                              Page 21 of 25

CRC has discussed all possible defenses to the charge with its attorney. CRC's attorneys have investigated the case and followed up on any information and issues CRC has raised to CRC's satisfaction. CRC's attorneys have taken the time to fully explain the legal and factual issues involved in CRC's case to CRC's satisfaction. CRC and its attorneys have discussed how the United States Sentencing Commission Guidelines have a limited application in this case, as well as the statutes applicable to CRC's offense and any other factors that will affect the sentence calculation in this case.

**F.**    CRC further understands that if CRC pleads guilty, there will not be a trial and that the Court will ask me under an oath to answer questions about this offense on behalf of CRC. I understand that I may be prosecuted if I make false statements or give false answers.

**G.**    CRC understands that the Court has the ultimate discretion to either accept or reject this agreement. CRC understands that it will only be allowed to withdraw from this agreement if the Court rejects the agreement.

**H.**    CRC understands that anything that it discusses with its attorneys is privileged and confidential, and cannot be revealed without CRC's permission. Knowing this, CRC agrees that this document will be filed with the Court.

//

U.S. v. Copper River Campus, LLC.
3:12-cr-                                    Page 22 of 25

**I.**     This document contains all of the agreements made between CRC and the United States regarding CRC's plea.  There are no other promises, assurances, or agreements between CRC, CRC's attorneys, and the United States that have affected CRC's decision to change its plea or to enter into this agreement.  If there were, I would so inform the Court.  CRC understands that if the Court finds that CRC has materially breached this agreement after notice and opportunity to respond to the breach, the United States will be free to prosecute CRC on all charges arising out of the investigation of this case and any charges not brought as a result of this agreement.

**J.**     I have read this Plea Agreement carefully and understand it thoroughly.   I am legally authorized by CRC to sign this agreement and to enter a plea of guilty on its behalf.  I know of no reason why the Court should find me incompetent to enter into this agreement or to enter a plea on behalf of CRC. CRC enters into this agreement knowingly and voluntarily.  I therefore wish to enter a plea of guilty on behalf of CRC to the Information filed in this case.

DATED: ___11-13-2012___          _____Scott A Blake_____

                                                 Scott Blake
                                                 LLC Member
                                                 Copper River Campus, LLC
                                                 Defendant

U.S. v. Copper River Campus, LLC.
3:12-cr-                                Page 23 of 25

As counsel for the defendant, I have discussed all plea offers with the defendant. I have also discussed the terms of this plea agreement with the defendant, have fully explained the charge to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 11·19·12

_____
fw- TIMOTHY PETUMENOS
Attorney for Copper River Campus, LLC

//

//

//

U.S. v. Copper River Campus, LLC.
3:12-cr-
                            Page 24 of 25

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: _____11·26·12_____

_____
KEVIN FELDIS
Assistant U.S. Attorney
United States of America

DATED: 11/27/12

_____
KAREN L. LOEFFLER
United States Attorney
United States of America

Case 3:12-cr-00093-RRB   Document 2   Filed 11/27/12   Page 25 of 25